## CONREY *v.* COPLAND.

| 4 | 307 |
| 51 | 293 |
| 4 | 307 |
| 115 | 666 |

Art. 1987 C. C. is repealed by art. 647 C. P., so far as they are inconsistent with each other. The word *office*, in arts. 1987 C. C. and 647 C. P., means a *public* office. The commissioners appointed under the stat. of 14 March, 1842, providing for the liquidation of banks, are not public officers.

An amount due to a commissioner, appointed to liquidate a bank under the stat. of 14 March, 1842, for arrears of salary, will be extinguished by compensation, where the bank was a judgment creditor of the commissioner for an equal amount.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. This proceeding was instituted by *Conrey*, as the purchaser of the assetts of the Merchants' Bank. *Lockett* and *Goold*, for the plaintiff. *Hamner*, for the appellant. The judgment of the court *(King*, J. absent,) was pronounced by

EUSTIS, C. J. This is an appeal taken by *Robert Copland*, the defendant, from a judgment of the Fifth District Court of New Orleans, by which a debt of $1,166 66, due the appellant, being the balance of his salary as one of the commissioners of the late Merchants' Bank, which had been allowed on a tableau of distribution as a privileged debt, was held to be partially extinguished by the amount of two judgments rendered in favor of the commissioners of the Merchants' Bank against said *Copland*.

It is contended by the counsel for the appellant that the compensation between these debts cannot take place, the debt due to *Copland* being the salary of an office, and as such not liable to the payment of debts. Art. 647 of the Code of Practice provides that, "if the debtor has neither moveables, nor slaves, nor immovable property, the sheriff may seize the rights and credits which belong to him, and all sums of money which may be due to him, in whatsoever right, unless it be for alimony or salaries of office."

Art. 1987 of the Civil Code considers money due for the salary of an office *(emploi public)*, wages or recompense for personal services, as not liable to the payment of debts. But this article of the Code of Practice (647) has been held to repeal this part of art. 1987 of the Code (*Vance v. Lafferanderie*, 4 Rob. 341); and we have only to consider whether the article of the Code of Practice ex-

<div style="margin-left:auto"><em>CONREY<br>v.<br>COPLAND.</em></div>

empts the appellant's salary from the ordinary operation of mutually subsisting, debts.

*Copland* was one of the commissioners appointed under the act of 1842 for the liquidation of insolvent banks. He was appointed by the bank presidents.

It is evident that by the article of the Civil Code alluded to, the word *office* meant a *public office;* the french text is conclusive as to its meaning. The expressions *salaries of office* in the 647th article of the Code of Practice, do not change that sense, and the french text—*"salaires d'office"* is still more restrictive, and indicates a public office and nothing else. Merlin, Rep. de Jurisp. *verbo* Office., Domat, Droit Public, liv. 2, tit. 1, sec. 1.

It is true, as contended by the counsel for the appellant, that, by the bank act of 1842, the State undertook, by the instrumentality of the commissioners appointed, to liquidate and settle the affairs of the insolvent banks, under the control of the courts. The direction in that act that one commissioner should be appointed by the bank presidents and another by the stockholders of each bank, we do not consider as constituting the persons thus appointed public officers, within the meaning of our laws and constitution.

<div style="text-align:right"><em>Judgment affirmed.</em></div>